

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# In Re: Mark Snyder

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3001

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Mark Snyder " (2009). *2009 Decisions.* Paper 1159.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1159

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-181                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3001
_____

IN RE:  MARK SNYDER,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civ. No. 07-cv-01425)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2009

Before:  McKEE, FISHER and CHAGARES, <u>Circuit</u> <u>Judges</u>.

(Filed: June 22, 2009)
_____

OPINION
_____

PER CURIAM

Mark Snyder, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

Court for the Western District of Pennsylvania affirming an order of the United States

Bankruptcy Court.  We will summarily affirm the District Court's order.

In 2003, Snyder and his family members defaulted on several mortgages, resulting

in the initiation of mortgage foreclosure proceedings in state court.  Shortly before default

judgments were entered in the foreclosure proceedings, Snyder and his family members began to file bankruptcy petitions. The Bankruptcy Court granted in rem relief from the automatic stay so that the foreclosures could be completed. After the properties were sold at Sheriff's sales, Snyder filed a state court action alleging, among other things, conversion of his personal property at one of the properties. The Bankruptcy Court reopened Snyder's bankruptcy case, which had been dismissed, so that the court could determine the interests of Snyder and the estate in the personal property at issue.[1]

At the hearing on reopening, Snyder stated that he intended to file another action in state court to recover personal items and business assets in the FUBAR lounge, a bar located in a motel, which he had operated. Appellee John Tomasic, who acquired the FUBAR lounge through the foreclosure proceedings, asked the Bankruptcy Court to resolve Snyder's claims to the property. The Bankruptcy Court ordered Tomasic to file an inventory of the items in the building.

As further discussed in the District Court's opinion, the Bankruptcy Court held several hearings to determine what property belonged to the estate and what property should be returned to Snyder. During the course of the hearings, Snyder returned to the FUBAR lounge to get his personal property. The Bankruptcy Court ultimately ordered

[1]The Bankruptcy Court created an adversary proceeding for the removed state court action. The Bankruptcy Court ultimately dismissed Snyder's complaint, and the District Court affirmed the dismissal. We reviewed the Bankruptcy Court's decision in the adversary proceeding in C.A. No. 08-2684, in which we affirmed the District Court's order.

2

that any remaining non-estate property be removed by December 28, 2006, and that any

disputes regarding what could be removed required that a motion be filed by that date.

No such motions were filed.

At a conference on January 5, 2007, Tomasic reported that Snyder violated the

Bankruptcy Court's order by removing a fixture – a railing – from the FUBAR lounge

and a Coca-Cola machine from another area of the motel. On January 26, 2007, the

Bankruptcy Court ruled that all disputes were complete and that Snyder no longer had any

claim to personalty left at the FUBAR lounge. The Bankruptcy Court also directed

Snyder to return the railing. Snyder filed a motion for reconsideration, alleging that the

Bankruptcy Court had not decided his claims that various items were damaged or missing

when he went to replevy them. He also argued that the railing was not a fixture.[2] In an

order dated August 3, 2007, the Bankruptcy Court denied Snyder's motion, stating that

there were no missing items, and that, to the extent that there were any missing items,

Snyder did not establish which items were missing despite the many opportunities

provided by the court. The Bankruptcy Court further found that a table was damaged by

the weather after it was not timely removed by Snyder, and that the railing, which was

bolted to the floor, was a fixture. Snyder appealed.

---

[2]The disposition of the Coca-Cola machine is the subject of a separate order, and is
not at issue in this appeal.

Noting that Snyder did not address in his brief how he satisfied the requirements for a motion for reconsideration, the District Court affirmed the Bankruptcy Court's order. The District Court rejected Snyder's arguments that the Bankruptcy Court lacked jurisdiction to adjudicate his claims to property at the FUBAR lounge. The District Court explained that the Bankruptcy Court had previously granted in rem relief from the automatic stay in Snyder's sibling's bankruptcy proceedings to allow the foreclosure of the property where the FUBAR lounge is located. In addition, the District Court noted that Snyder's bankruptcy case had already been reopened to remove Snyder's state court action when the FUBAR lounge matter came up. The District Court explained that the Bankruptcy Court sought to ensure that Snyder got his property back and that the estate retained its property.

We agree that the Bankruptcy Court had jurisdiction to adjudicate Snyder's claims. At the June 2, 2006, hearing, the Bankruptcy Judge recognized the limited bankruptcy purpose of the proceedings before her, noting that Snyder had not filed a Chapter 13 plan and was unable to make plan payments. The Bankruptcy Court, however, explained that it was the only court that could determine what personalty belonged to Snyder because that decision would determine what personalty was the property of the estate, a core matter in the bankruptcy. Although Snyder further asserted in District Court that the Bankruptcy Court lacked jurisdiction over property he acquired after he filed his

4

bankruptcy petition, the District Court correctly noted that Snyder did not produce evidence establishing the acquisition dates of the property.

In addition, for the reasons stated by the District Court, we find no merit to Snyder's argument that the Bankruptcy Court erred in relying on representations by Tomasic's counsel's in finding that Snyder was at fault for damaged property and items that were not returned to him.

Because this appeal does not raise a substantial question, we will summarily affirm the District Court's order.